UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 7 |
| DANIEL KOGAN and MARINA KOGAN | : | |
| Debtor | : | Bankruptcy No. 05-17439F |
| INDYMAC BANK | : | |
| Plaintiff | : | |
| v. | : | |
| DANIEL KOGAN, MARINA KOGAN, MICHAEL KOVARIK and ARCZIP, LLC | : : | |
| Defendant | : | Adversary No. 05-0723 |

.................................................

ORDER

.................................................

AND NOW, this 26th day of May 2006, the plaintiff having filed an amended complaint seeking a determination in count I that its claim against the debtors is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2),

And the plaintiff further asserting a request for declaratory relief in count II which seeks to uphold plaintiff's lien and invalidate a judgment lien held by defendants Michael Kovarik and Arczip, LLC (although both defendants are referred to in the complaint as "Arczip") on the real property located at 31 Hampshire Drive, Ivyland, Pennsylvania,

And Indymac filed a secured proof of claim in the amount of $601,566.19, asserting that it held a mortgage lien on the Ivyland realty,

And Arczip filed a secured proof of claim in the amount of $763,660, asserting that it held a judgment lien on the Ivyland realty,

And on April 10, 2006, this court having approved a settlement agreement entered into by the chapter 7 trustee, the plaintiff Indymac, and the defendants Arczip and Kovarik, whereby the trustee agreed to sell the Ivyland realty. The settlement also provided that upon sale, the trustee would receive 5% of the gross sale proceeds and, after payment of certain closing costs and broker's commission, the remaining proceeds would be held in escrow to be paid to lien creditors in order of priority. Furthermore, the trustee abandoned any interest she may have in those escrowed proceeds,

And an order was entered on April 5, 2006, approving the trustee's sale of this realty for $815,000. The trustee's agreed portion of these proceeds would be $40,750,

And the agreement of sale for the realty attached to the trustee's motion to sell called for closing to occur on April 25, 2006. Therefore, the trustee has received her 5% of the sale proceeds and the remaining net proceeds are in escrow, abandoned by the trustee and no longer property of the estate,

And count II of this proceeding solely involves plaintiff Indymac's contention that its lien is entitled to priority over any lien held by Arczip, and therefore it should receive the net proceeds of sale now held in escrow,

And federal courts are obligated to insure that they have subject matter jurisdiction over disputes and may raise the issue sua sponte. See, e.g., In re Yousif, 201 F.3d 774, 776 (6th Cir. 2000); Liberty Mut. Ins. Co. v. Ward Trucking Corp., 48 F.3d 742, 750 (3d Cir. 1995); In re Hall's Motor Transit Co., 889 F.2d 520, 522 (3d Cir. 1989),

2

And Indymac and Arczip were afforded the opportunity to address the jurisdictional issue. They may now acknowledge that this court does not have subject matter jurisdiction over count II of this proceeding,[1]

And this lack of jurisdiction follows because the trustee has abandoned all interest in those escrowed funds, therefore they are not property of the estate. See, e.g., In re VonGrabe, 332 B.R. 40 (Bankr. M.D. Fla. 2005); In re Bray, 288 B.R. 305 (Bankr. S.D. Ga. 2001); see also In re Blue Mountain Investments, Ltd., 186 B.R. 508 (D. Kan. 1995) ("If the court were to grant Blue Mountain's request to order the trustee to abandon the debtor's count 1 claim to the debtor, the court would be obliged to then dismiss the claim for lack of subject matter jurisdiction."),

And, furthermore, count II represents a request for this court to issue a declaration of the interests of two competing secured creditors to abandoned, non-estate property. Such a determination is outside the jurisdiction of this court. See In re Howard National Corp., 70 B.R. 278, 282 (N.D. Ill. 1987):

> The process of abandonment permitted by Code § 554 does not include a determination by the trustee or the court of the various competing interests in the property that is abandoned to the debtor. The effect of § 554 abandonment does not determine who has title to the property, or the validity of liens or interests in the property, nor may a court or trustee specify to whom the property is to be abandoned other than to the debtor.

And, in addition, the outcome of the dispute would not affect the administration of the chapter 7 case by the trustee and so would not be a related

---

[1] The settlement agreement with the trustee makes reference to the jurisdiction issue and at a recent hearing, it was represented that the parties acquiesce in dismissal of this claim for lack of jurisdiction.

proceeding under 28 U.S.C. § 1334. See generally Halper v. Halper, 164 F.3d 830, 836 (3d Cir. 1999); In re Guild and Gallery Plus, Inc., 72 F.3d 1171, 1178 (3d Cir. 1996). The secured claim of either Indymac or Arczip will be diminished by the amount of the escrowed funds. The identity of the creditor whose claim is so diminished does not matter to the trustee, since the total of remaining claims will be the same and so the trustee's percentage distribution to creditors will be unaffected. See Matter of First Metropolitan Financial Corp., 1993 WL 22173, at *3 (Bankr. N.D. Ill. 1993); In re Selig, 135 B.R. 241, 245 (Bankr. E.D. Pa. 1992); In re Chambers, 125 B.R. 788, 793 (Bankr. W.D. Mo. 1991); In re P.D.S. Development Corp., 103 B.R. 93, 95 (Bankr. S.D.N.Y. 1989),[2]

Accordingly, it is hereby ordered that count II of the complaint is dismissed for lack of subject matter jurisdiction.

_____
BRUCE FOX
United States Bankruptcy Judge

Copies to:

Kevin J. Burke, Esquire
McCarter & English, LLP
Mellon Bank Center
1735 Market Street, Suite 700
Philadelphia, PA 19103

Joshua Z. Goldblum, Esquire
826 Bustleton Pike, Suite 101B
Feasterville, PA 19053

---

[2] Indeed, the stipulation even provides that neither lienholder can receive any distribution from the 5% of the sale proceeds paid to the trustee.

4

Simon E. Frazer, Esquire
Montgomery McCracken
123 South Broad Street
Philadelphia, PA 19109

Michael G. Menkowitz, Esquire
Fox Rothschild LLP
2000 Market Street, 10th Floor
Philadelphia, PA 19103